UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-157-3F

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DARNELL JERMAINE AMARO, | ) |
| Defendant. | ) |

This matter is before the court on the Motion for Release of Documents [DE-176], namely, the presentence report of co-defendant Laray Copeland ("Copeland") filed by Darnell Jermaine Amaro ("Amaro").

## I. PROCEDURAL AND FACTUAL HISTORY

Amaro pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base (Crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 1, 2011, Amaro was sentenced to 162 months imprisonment. At sentencing, Amaro contested the drug weight attributed to his offense, approximately 2,268 grams of crack cocaine. The calculation of the drug weight for Amaro is based on the statements provided by Copeland at his debriefing on April 29, 2010, in which he claimed that he sold Amaro approximately 4 to 5 ounces of crack cocaine per month for 20 to 24 months between 2007 and August of 2009. A conservative estimate, based this information, would yield 80 ounces of crack cocaine which is equivalent to 2,268 grams. Amaro contends that there was a "falling out" between Copeland during that period, and, therefore, the

2,268 grams attributed to him is incorrect. Amaro has filed a Notice of Appeal and is seeking a copy of Copeland's presentence report in this instant motion.

## II. ANALYSIS

At the outset, the court notes that the main function of the presentence report is to assist the court in imposing an appropriate sentence on the defendant who is the subject of that report. *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1170 (2d Cir. 1983). The presentence report represents "a special subcategory of potentially discoverable confidential information[.]" *United States v. Trevino*, 89 F.3d 187, 190 (4th Cir. 1996). Courts have been very reluctant to give third parties access to the presentence report prepared for some other individual(s) "[for] the fear that disclosure of the report will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report...[and] the need to protect the confidentiality of the information contained in the report." *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988). The courts, therefore, have "typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id.*

Here, Amaro believes that Copeland's presentence report is necessary to present his argument on appeal and is also essential for the Fourth Circuit to have a complete and accurate understanding of the district court proceedings. The court disagrees. The court is familiar with the information provided in the presentence report for Amaro and Copeland, as both defendants have previously been sentenced before this court. From the court's perspective, Copeland's presentence report contains no exculpatory information that would suggest that Amaro is responsible for a lesser drug weight than what has already been attributed. Furthermore, the court, out of an abundance of caution, has

2

consulted with the Probation Officer who prepared both reports, and has been advised that she is unaware of any information which would aid Amaro's argument on appeal. Therefore, the court finds that Amaro lacks the "special need" to obtain the presentence report of Copeland. Accordingly, Amaro's Motion to Release Documents [DE-176] is DENIED.

SO ORDERED.

This, the 14th day of April, 2011.

JAMES C. FOX
Senior United States District Judge

3

Case 7:09-cr-00157-F   Document 181   Filed 04/14/11   Page 3 of 3